UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NICHOLAS DROWATZKY,** Individually and on behalf of all others similarly situated | § § § § § § § § § § § § | Case No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)** |
| *Plaintiff,* | | |
| v. | | |
| **ADT LLC,** | | |
| *Defendant.* | | |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Nicholas Drowatzky brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for ADT LLC (hereinafter "Defendant" or "ADT"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and the Kansas Wage Payment Act, K.S.A. §§ 44-301, *et seq.* ("KWPA" or "Kansas Act").

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of Kansas, to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for ADT, anywhere in the United States within the relevant statutes of limitations through the

final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and Kansas state law.

3.  ADT has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay, and also clocked those employees out when their breaks exceeded fifteen (15) minutes. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017), *cert. denied sub nom. Am. Future Sys., Inc. v. Acosta*, 138 S. Ct. 2621 (2018).

4.  ADT's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.  Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.  ADT has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis in the last three years.

7.  Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Kansas state law.

8.  Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Kansas state law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class be certified as defined herein, and that Plaintiff Drowatzky designated herein be named as Class Representative for the Kansas Class.

## II.
## THE PARTIES

11. Plaintiff Nicholas Drowatzky ("Drowatzky") was employed by ADT in Wichita, Kansas during the relevant time periods. Plaintiff Drowatzky did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly call-center employees who were employed by ADT, anywhere in the United States, at any time from March 4, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Drowatzky worked and was paid.

13. The Kansas Class Members are those current and former hourly call-center employees who were employed by ADT in the State of Kansas at any time from March 4, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Drowatzky worked and was paid.

14. Defendant ADT LLC ("ADT" or "Defendant") is a foreign limited liability company, licensed to and doing business in Kansas, and can be served with process through its registered agent: The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

---

[1] The written consent of Nicholas Drowatzky is hereby attached as Exhibit "A."

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Kansas state law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over ADT because the cause of action arose within this District as a result of ADT's conduct within this District.

18. Venue is proper in the District of Kansas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Plaintiff Drowatzky worked in Wichita, Kansas throughout his employment with ADT, which is located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. ADT employs non-exempt workers in its call centers to provide assistance to ADT's clients.

22. ADT is headquartered in Boca Raton, Florida, and has additional call centers in New Jersey, Kansas, New York, and Texas.

23. ADT provides home and business security services, such as surveillance systems, and alarm systems throughout the United States.[2]

24. Plaintiff and the Putative Class Members' job duties consisted of receiving telephone calls from ADT's clients and selling clients products or making emergency calls for clients.

---

[2] http://www.ADT.com/reservation-numbers-location-map/.

25. Plaintiff Drowatzky was employed by ADT in Wichita, Kansas from approximately January 2018 until April 2018.

26. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

27. Plaintiff and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

28. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to six hours "off-the-clock" per week and have not been compensated for that time.

29. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for ADT as a result of ADT's uniform corporate policy and practice of paying its employees only during regularly scheduled shift time, and only when their computers were fully booted up and operational.

30. Specifically, Plaintiff and the Putative Class Members are required to start up and log in to their computers before their shift officially starts, and then log in to each ADT program, and ensure that each ADT program is running correctly—all of which can take up to twenty minutes—before they are able to take their first phone call, which comes in as soon as their computers are fully operational.

31. In addition, Plaintiff and the Putative Class Members were required to arrive at work early, well in advance in of their scheduled shifts, in order to perform work for ADT.

32. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took twenty minutes or more each time.

33. Plaintiff and the Putative Class Members were not compensated for work they performed for ADT prior to their scheduled shifts, including their computer start-up time, although they were expected to have completed their computer start up in advance of their official start time.

34. Plaintiff and the Putative Class Members were also not compensated for the time they worked for ADT rebooting ADT's computers after they crashed.

35. As a result of ADT's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform work for ADT, including their start-up and rebooting tasks, while off-the-clock before the beginning of their shifts, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

36. ADT has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

37. ADT is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members, but has failed to do so.

38. Because ADT did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, ADT's pay policies and practices violate the FLSA.

39. Because ADT did not pay Plaintiff and the Putative Class Members for all hours they worked, ADT's pay policies and practices also violate Kansas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

40.     All previous paragraphs are incorporated as though fully set forth herein.

41.     The FLSA Collective is defined as:

**ALL HOURLY NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ADT LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 4, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

42.     At all times hereinafter mentioned, ADT has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43.     At all times hereinafter mentioned, ADT has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44.     At all times hereinafter mentioned, ADT has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by ADT, these individuals have provided services for ADT that involved interstate commerce for purposes of the FLSA.

46. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of ADT who assisted ADT's customers throughout the United States. 29 U.S.C. § 203(j).

48. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

49. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

50. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of ADT.

**B.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

51. ADT has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

52. Moreover, ADT knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

53. ADT knew or should have known its pay practices were in violation of the FLSA.

54. ADT is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

55. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted ADT to pay them according to the law.

56. The decisions and practices by ADT to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of ADT's employees throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

60. Other similarly situated employees of ADT have been victimized by ADT's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective Members are defined in Paragraph 41.

62. ADT's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of ADT, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ADT will retain the proceeds of its violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Kansas Wage Protection Act)**

**A.   KANSAS COVERAGE**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. The Kansas Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY ADT LLC IN KANSAS, AT ANY TIME FROM MARCH 4, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Kansas Class" or "Kansas Class Members").**

72. At all times hereinafter mentioned, ADT has been an employer within the meaning of the KWPA, K.S.A. CODE §§ 33-313(a) and 44-323.

73. At all times hereinafter mentioned, Plaintiff Drowatzky and the Kansas Class Members have been employees within the meaning of the KWPA, K.S.A. § 44-313(b).

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE KANSAS STATUTES**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. ADT owes Plaintiff Drowatzky and the Kansas Class Members wages, as defined in section 44-314 of the KWPA, to compensate them for labor and services they provided to ADT in the furtherance of their job duties. *See* K.S.A. §§ 44-314.

76. Plaintiff Drowatzky and other Kansas Class Members are not exempt from receiving overtime benefits under the KWPA.

77. ADT violated the KWPA through its unlawful withholding of Plaintiff Drowatzky and the Kansas Class Members' straight time and overtime wages in violation of Kansas wage laws. *See* K.S.A. §§ 44-314.

78. Plaintiff Drowatzky and the Kansas Class Members have suffered damages and continue to suffer damages as a result of ADT's acts or omissions as described herein; though ADT is in possession and control of necessary documents and information from which Plaintiff Drowatzky would be able to precisely calculate damages.

79. The KWPA provides that Plaintiff Drowatzky and the Kansas Class Members are entitled to recover treble the amount of the unpaid wages. *See* K.S.A. §§ 44-315.

80. In violating the KWPA, ADT acted willfully, without a good faith basis and with reckless disregard of clearly applicable Kansas law.

81. The proposed class of employees, i.e. Kansas class members sought to be certified pursuant to the KWPA, is defined in Paragraph 71.

82. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ADT.

**C.    KANSAS CLASS ACTION ALLEGATIONS**

83. Plaintiff Drowatzky brings his KWPA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by ADT to work in Kansas since March 4, 2017.

84. Class action treatment of Plaintiff Drowatzky's KWPA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

85. The number of Kansas Class Members is so numerous that joinder of all class members is impracticable.

86. Plaintiff Drowatzky is a member of the Kansas Class, his claims are typical of the claims of other Kansas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Kansas Class Members.

87. Plaintiff Drowatzky and his counsel will fairly and adequately represent the Kansas Class Members and their interests.

88. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

89. Accordingly, the Kansas Class should be certified as defined in Paragraph 71.

## VI.
## RELIEF SOUGHT

87. Plaintiff respectfully prays for judgment against ADT as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 41 and requiring ADT to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to section 16(b) of the FLSA finding ADT liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Kansas Class as defined in Paragraph 71 and designating Plaintiff Drowatzky as the Class Representative of the Kansas Class;

    e. For an Order pursuant to Kansas Law awarding the Kansas Class Members all damages allowed by law;

    f. For an Order awarding the costs and expenses of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Drowatzky a service award as permitted by law;

    j. For an Order compelling the accounting of the books and records of ADT, at ADT's expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

## VII.
## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: March 5, 2020

Respectfully submitted,

**Paul LLP**

By: /s/ *Richard M. Paul*
Richard M. Paul III (KS #17778)
Laura C. Fellows (KS #26201)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@paulllp.com
Laura@paulllp.com

Clif Alexander
(*pro hac vice application forthcoming*)
Texas Bar No. 24064805
Austin W. Anderson
(*pro hac vice application forthcoming*)
Texas Bar No. 24045189
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com

***Attorneys for Plaintiff and the Putative Class Members***