IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS DROWATZKY,

    **Plaintiff,**

    v.

ADT LLC,

    **Defendant.**

Case No. 6:20-cv-01065-HLT-KGG

## MEMORANDUM AND ORDER

Plaintiff Nicholas Drowatzky filed a collective/class action complaint alleging violations of the Fair Labor Standards Act ("FLSA") and Kansas Wage Payment Act ("KWPA"). Defendant ADT moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's KWPA claim. Doc. 14. The Court grants the motion and dismisses Plaintiff's KWPA claim without prejudice because (1) Plaintiff concedes that his KWPA claim for overtime wages is preempted by the FLSA, and (2) Plaintiff fails to assert a substantive basis for the remainder of his KWPA claim.

## I.    BACKGROUND[1]

Defendant provides home and business security services throughout the United States and is a covered employer under the FLSA. Plaintiff worked for ADT as a call-center employee in Kansas from January 2018 to April 2018. Call center employees, including Plaintiff, were non-exempt workers paid by the hour.

Plaintiff claims that he and other employees worked approximately forty "on-the-clock" hours a week, and that they often worked up to six "off-the-clock" hours per week for which they

---

[1] These facts are taken from the well-pleaded allegations of the complaint, Doc. 1, and, consistent with the standards for evaluating motions to dismiss under Rule 12(b)(6), the Court assumes the truth of these facts for purposes of analyzing the motion to dismiss.

were not compensated. Specifically, Defendant had a policy of only paying its employees during regularly scheduled shift time and only when their computers were fully booted up and operational. Plaintiff and other employees were required to start up and log in to their computers and the ADT program before the official start of their shift—a process that could take up to twenty minutes. Plaintiff and other employees were required to arrive at work in advance of their shifts to perform work for ADT.[2] If an employee's computer crashed—something that happened several times each week—employees had to reset them, which could take 20 minutes or more. Defendant did not pay employees for the time they worked rebooting computers after they crashed. Defendant also clocked employees out when their breaks exceeded 15 minutes. Based on this, Plaintiff asserts one claim under the FLSA (Count One) for unpaid overtime, including a collective action, and a class-action claim under the KWPA (Count Two) for unpaid wages.

## II.   STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, "[a] district court may grant judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6) on the basis of an affirmative defense like preemption when the law compels that result." *Caplinger v. Medtronic, Inc.*, 784 F.3d 1335, 1341 (10th Cir. 2015). In undertaking this analysis, the Court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions or conclusory statements. *Ashcroft*, 556 U.S. at 678-79.

---

[2]   It is unclear whether the work prior to the start of shifts was booting up computers or something else.

**III.    ANALYSIS**

Defendant argues that Plaintiff's KWPA claim should be dismissed because his FLSA and KWPA claims are based on the same facts and circumstances, and the FLSA preempts the KWPA claim. Doc. 14 at 1. Defendant is correct that the FLSA preempts any claim for minimum or overtime wages under the KWPA. *Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 982 (D. Kan. 2018) ("[T]o the extent that the KWPA could be interpreted to allow a claim for unpaid federal minimum wages, it is preempted by the FLSA."); *Larson v. FGX Int'l, Inc.*, 2015 WL 1034334, at *3 (D. Kan. 2015) ("Thus, to the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by [the FLSA].").[3]

Plaintiff agrees that any overtime claim under the KWPA is preempted by his FLSA overtime claim.[4] Doc. 15 at 1; *id.* at 2 n.1; *see also Larson*, 2015 WL 1034334, at *3. Accordingly, the Court grants Defendant's motion as to Plaintiff's KWPA overtime claim because it is preempted by his FLSA overtime claim.[5]

---

[3] Defendant characterizes both Plaintiff's FLSA and KWPA claims as for "minimum or straight time and overtime wages." Doc. 14 at 2. But the complaint never mentions minimum wage—it never mentions wage rate at all. It does include one reference to "straight time" under the KWPA count. To the extent Plaintiff only earned minimum wage, arguably any so-called "straight time" claim under the KWPA would likely be nothing but a rebranded minimum-wage claim. *See Charbonneau v. Mortgage Lenders of America*, 2020 WL 3545624, at *9 (D. Kan. 2020). If that were the case, any such claim for minimum wages under the KWPA would equally be preempted in favor of the FLSA. *See Blair*, 309 F. Supp. 3d at 998.

[4] Plaintiff also generally argues that Defendant's motion should be denied because it is based on an affirmative defense, and at this stage, he should be able to maintain both claims. Doc. 15 at 3-4. But because Plaintiff has conceded that his KWPA overtime claim is preempted, the Court declines to defer ruling on this issue. Further, although alternative pleading may sometimes be appropriate, the Court notes that Plaintiff does not argue that his KWPA claim is an alternative to his FLSA claim. *See id.* at 2.

[5] Related to the question of preemption, *see Blair*, 309 F. Supp. 3d at 984, the Court also notes that the law in this district has largely agreed that there is also no cause of action under the KWPA for minimum or overtime wages because in Kansas, the Kansas Minimum Wage Maximum Hour Law covers such claims. *See id.* at 986 ("Based on the existing case law, and the evident purposes of the KWPA, the

As to the remainder of Plaintiff's KWPA claim, some clarification as to terminology is warranted. The complaint refers to unpaid "straight time" in the KWPA count—"gap time" is not mentioned. Doc. 1 at 11. In his response, Plaintiff refers to it as a "gap time" claim, or a "straight/gap time" claim. Doc. 15 at 1, 4. "Gap time" generally refers to uncompensated work for straight-time hours (i.e. unpaid time that falls under forty hours). *See Lundy v. Catholic Health Sys.*, 711 F.3d 106, 115 (2d Cir. 2013).[6]

Plaintiff states in his response that he is seeking unpaid overtime compensation under the FLSA, and unpaid "straight/gap time" under the KWPA. Doc. 15 at 2, 4. Plaintiff argues that, because the FLSA does not permit a "straight/gap time" claim in weeks where an employee worked fewer than forty hours, *id.* at 4, a KWPA claim for that same "straight/gap time" cannot be preempted by the FLSA, *id.*

But even if the FLSA does not permit the "straight/gap claim" Plaintiff purports to bring, *see Taylor v. McLane Foodservice, Inc.*, 2013 WL 943531, at *2 (D. Kan. 2013) (referring to it as a "pure gap time" claim), it does not follow that such a claim is necessarily permitted under the

---

Court joins the majority of this District and concludes that minimum wages are not recoverable under the KWPA."); *McGowan v. Genesis Health Clubs Mgmt., Inc.*, 2018 WL 572052, at *3 (D. Kan. 2018) (noting that a majority of District of Kansas cases have concluded that a "KWPA claim for overtime wages fails to state a claim against an employer covered by the FLSA"); *see Larson*, 2015 WL 1034334, at *2 ("The Kansas Supreme Court thus acknowledged that the KWPA is not the usual mechanism for overtime—and presumably minimum wage—claims under Kansas law." (citing *Craig v. FedEx Ground Package Sys., Inc.*, 335 P.3d 66, 73 (Kan. 2014))). Some District of Kansas cases have gone the other way and allowed a KWPA claim based on FLSA violations. *See Charbonneau*, 2020 WL 3545624, at *11 (citing cases). But as this Court recently explained, it is not persuaded by that analysis, *see id.*, and Plaintiff does not advocate for that approach.

[6] The Court notes that "gap time" can further be subdivided into "pure gap time" and "overtime gap time." *See Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1266 (4th Cir. 1996). Although there is somewhat of a split of authority about the viability of these subtypes of "gap time" claims under the FLSA, *see* Hannah Schoeb, Comment, Bridging the Gap: Overtime Gap Time under the Fair Labor Standards Act, 66 Kan. L. Rev. 603, 604, 608 (2018), that is not at issue here. Rather, the issue before the Court is the viability of such a claim under the KWPA. And as discussed below, the KWPA does not, in and of itself, provide any substantive rights, regardless of what the FLSA permits.

KWPA. The KWPA does not provide any substantive rights; it only provides a mechanism to recover wages that are due. *Blair*, 309 F. Supp. 3d. at 997; *Charbonneau*, 2020 WL 3545624, at *9; *McGowan*, 2018 WL 572052, at *2; *Larson*, 2015 WL 1034334, at *2. Although Plaintiff's complaint cites K.S.A. § 44-314 of the KWPA, which requires employers to pay "all wages due" to their employees, he does not identity the substantive basis from which he concludes that any wages are due him. Accordingly, his complaint fails to state a plausible claim under the KWPA for "straight/gap time" and the remainder of his KWPA claim is dismissed as well.

However, dismissal of this KWPA claim is without prejudice. The Court notes that Defendant's motion was primarily focused on a preemption argument, based largely on an assumption that Plaintiff's FLSA and KWPA claims were identical. Plaintiff clarified in his response that was not the case, which led Defendant to point out in its reply that Plaintiff has no independent substantive basis for a KWPA claim. Although the Court agrees that, under the current complaint, Plaintiff's KWPA count fails to state a claim, the Court does acknowledge that such a right to wages may exist—for example, under a contract, should one apply. Accordingly, to the extent Plaintiff has a good-faith basis to assert a KWPA claim in accordance with this order, Plaintiff may seek leave to amend the complaint should he determine that is warranted.

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion to Dismiss (Doc. 14) is GRANTED. Count Two of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IT IS SO ORDERED.

Dated: July 6, 2020         /s/ *Holly L. Teeter*
                            HOLLY L. TEETER
                            UNITED STATES DISTRICT JUDGE